■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ORTIZ, Appellant.—Judgment, Supreme Court, New York County (Robert M. Haft, J., at hearing, trial and sentence), rendered June 14, 1989, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 4 to 12 years in prison, to run concurrently with a sentence imposed for a different crime charged in the same indictment as to which the defendant pleaded guilty on June 14, 1989, unanimously affirmed.

The defendant demanded and received a dollar from a 16 year old complainant, whom defendant approached on a subway platform. The defendant then demanded more money while threatening the complainant with a razor blade, and was given an additional five dollars. Later, the complainant picked the defendant's photograph out of some 500 shown to him, and several weeks thereafter, picked the defendant out of a line-up.

Defendant has no absolute right to call the eyewitness at a *Wade* hearing *(People v Chipp,* 75 NY2d 327, 337, *cert denied* — US —, 112 L Ed 2d 70). It is clear that the defense counsel had every opportunity at trial to cross-examine the complainant with respect to this issue, but did not.

In any case, while an identifying witness' testimony may be necessary at a *Wade* hearing where the evidence raises some substantial issues as to the constitutionality of the line-up, the resolution of which could not be had without testimony from the identifying witness *(People v Chipp, supra),* in the present case the dispositive and unrefuted testimony was that the eyewitness could not have seen the defendant from his vantage point prior to the identification.

Defendant's argument concerning the alleged prejudicial effect of a statement by the District Attorney's investigator suggesting that more than one witness viewed the line-up has been reviewed and found to be meritless. The sentences imposed do not appear as an abuse of discretion given the

circumstances of the offenses and the defendant's prior convictions. Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.